IN THE UNITED STATES DISTRICT COURT
FOR THE _SOUTHERN_ DISTRICT OF _NORTHERN_
_____ DIVISION
*(Write the District and Division, if any, of the
court in which the complaint is filed.)*



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 14 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

_KHRISTOFFER MANDELL HEARRON_
_____
_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

_Mississippi Department of Corrections, et al_
_See, Exhibit E_
_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Prisoner Complaint)

Case No. _3:19-cv-31-DPJ-FKB_
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*



## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public
access to electronic court files. Under this rule, papers filed with the court should *not* contain: an
individual's full social security number or full birth date; the full name of a person known to be a minor; or
a complete financial account number. A filing may include *only*: the last four digits of a social security
number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account
number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or
any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to
proceed in *forma pauperis*.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name    Khristoffer Mandell Hearron

All other names by which you have been known:

Kristopher Hearron

ID Number    75793
Current Institution    Southern Miss. Correctional Institution
Address    P.O. Box 1419
Leakesville, MS, 39-

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1
Name    Don Irons
Job or Title    Confidental Informer (MDOC Probationer)
(if known)
Shield Number    CI No. 08-09
Employer    Mississippi Department of Corrections
Address    723 North President Street
Jackson, MS 39205

☑ Individual capacity        ☑ Official capacity

Defendant No. 2
Name    Jeff Merritt

2

Job or Title (if known) _Detective_

Shield Number _Unknown_

Employer _Vicksburg Police Department_

Address _820 Veto Street_
_Vicksburg MS. 39180_

☑ Individual capacity    ☑ Official capacity

Defendant No. 3

Name _Chief Armstrong_

Job or Title (if known) _Chief of Vicksburg Police Department_

Shield Number _____

Employer _Vicksburg Police Department_

Address _820 Veto Street_
_Vicksburg MS. 39180_

☑ Individual capacity    ☑ Official capacity

Defendant No. 4

Name _Other Vicksburg Police Department Officers_

Job or Title (if known) _Booking Officers, Police (Transportation)_

Shield Number _____

Employer _Vicksburg Police Department_

Address _820 Veto Street_
_Vicksburg MS 39180_

☑ Individual capacity    ☑ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Defendant No. 5

Name: Ricky Smith
Job/Title: Warren Dist. Attorney
Employer: Warren Co. Board of Supervisor
Address: P.O. Box 351, Vicksburg MS. 39180
Individual and Official Capacity

Defendant No. 6

Name: George Flaggs
Job/Title: Mayor of Vicksburg MS.
Employer: City of Vicksburg
Address: City of Vicksburg MS 39180
Individual and Official Capacity

Defendant No. 7

Name: Unknown (Aldermen)
Job/Title: City of Vicksburg (Aldermen)
Employer: City of Vicksburg
Address: City of Vicksburg, Vicksburg MS. 39180
Individual and Official Capacity

Defendant No. 8

Name: Unknown (Board of Supervisors)
Job/Title: Warren Co. Board of Supervisors
Employer: Warren Co. MS.
Address: P.O. Box 351, Vicksburg, MS. 39180
Individual and Official Capacity

Defendant No. 9

Name: Vincent Samuel
Job/Title: MDOC Parole Officer
Employer: Miss. Dept. of Corr.
Address: 723 North President Street, Jackson, MS 39205
Individual and Official Capacity

Defendant No. 10

Name: Barbara Clark
Job/Title: MDOC Parole Officer
Employer: Miss. Dept. of Corr.
Address: 723 North President Street, Jackson, MS. 39205
Individual and Official Capacity

Defendant No. 11

Name: Marshall Fisher
Job/Title: MDOC Commissioner
Employer: Miss. Dept. of Corr.
Address: 723 North President Street, Jackson, MS, 39205
Individual and Official Capacity

Name: Jane Doe
Job/Title: MDOC Community Commissioner
Employer: Miss. Dept. of Corr.
Address: 723 North President Street, Jackson, MS 39205
Individual and Official Capacity

Defendant No. 13

Name: Unknown (John Doe's)
Job/Title: U.S. Marshalls in San Juan, Puerto Rico
Employer: US Government
Address: Unknown
Individual and Official Capacity

Defendant No. 14

Name: Unknown (John Doe's)
Job/Title: U.S. Customs and Border Protection
Employer: U.S. Government
Address: Unknown
Individual and Official Capacity

Defendant No. 15

Name: Unknown (Booking Officer in Puerto Rico)
Job/Title: Booking officer
Employer: Bayamón Jailhouse
Address: Unknown
Individual and Official Capacity

Defendant No. 16

Name: Dr. Jefferson R. Maldonald
Job/Title: Doctor
Employer: Bayamón Puerto Rico, Jailhouse
Address Unknown
Individual and Official Capacity

Defendants No. 17

Name: Case Manager (Jane Doe)
Job/Title: Case Manager
Employer: Bayamón Puerto Rico, Jailhouse
Address: Unknown
Individual and Official Capacity

Defendant No. 18

Name: Nurse (Jane Doe)
Job/Title: Nurse
Employer: Bayamón Puerto Rico, Jailhouse
Address: Unknown
Individual and Official Capacity

Defendant No. 19

Name: Martin Pace
Job/Title: Warren Co, Sheriff
Employer: Warren Co. Board of Supervisor
Address: 1000 Grove Street, Vicksburg MS, 39180
Individual and Official Capacity

Defendant No. 20

Name: Linda Brown Pugh
Job/Title: Administrator
Employer: Warren Co. Detention Center
Address: 1000 Grove St, Vicksburg MS, 39180
Individual and Official Capacity

Defendant No. 21

Name: Nurse (Jane Doe)
Job/Title: Nurse
Employer: Warren Co. Detention Center
Address: 1000 Grove Street, Vicksburg MS, 39180
Individual and Official Capacity

Defendant No. 22

Name: Jailor (John Doe)
Job/Title: Jailor
Employer: Warren Co. Detention Center
Address: 1000 Grove Street, Vicksburg MS, 39180
Individual and Official Capacity

Defendant No. 23

Name: Incoming Nurse (Jane Doe)
Job/Title: CMCF Incoming Nurse (720)
Employer: MDOC
Address: P.O. Box 88550, Pearl MS 39288
Individual and Official Capacity

Defendant No. 24

Name: Nurse Tyner
Job/Title: CMCF Nurse (R/C)
Employer: MDOC
Address: P.O. Box 88550, Pearl MS. 39288
Individual and Official Capacity

Defendant No. 25

Name: Nurse Taylor
Job/Title: CMCF Nurse (R/C)
Employer: MDOC
Address: P.O. Box 88550, Pearl MS 39288
Individual and Official Capacity

Defendant No. 26

Name: Nurse Gibson
Job/Title: CMCF Nurse (R/C)
Employer: MDOC
Address: P.O. Box 88550, Pearl MS 39288
Individual and Official Capacity

Defendant No. 27

Name: Lt. Johnson
Job/Title: Lt.
Employer: CMCF/MDOC
Address: P.O. Box 88550, Pearl MS. 39288
Individual and Official Capacity

Defendant No. 28

Name: Warden Philhot
Job/Title: Warden
Employer: MDOC
Address: P.O. Box 88550, Pearl, MS 39288
Individual and Official Capacity

Defendant No. 29

Name: Lt. Davis
Job/Title: Lt.
Employer: CMCF/MDOC
Address: P.O. Box 88550, Pearl, MS 39288
Individual and Official Capacity

Defendant No. 30

Name: Sgt. Hollis
Job/Title: Sgt.
Employer: CMCF/MDOC
Address: P.O. Box 88550, Pearl MS. 39288
Individual and Official Capacity

Defendant No. 31

Name: Officer Richardson
Job/Title: Officer
Employer: CMCF/MDOC
Address: P.O. Box 88550, Pearl MS, 39288
Individual and Official Capacity

Defendant No. 32

Name: Officer Jennering
Job/Title: Officer
Employer: CMCF/MDOC
Address: P.O. Box 88550, Pearl, MS 39288
Individual and Official Capacity

Name: Billy Smith
Job/Title: Officer, CMCF/MDOC
Employer: MDOC
Address: P.O. Box 88550, Pearl MS. 39288
Individual and Official Capacity

Defendant No. 34

Name: Officer Tyler
Job/Title: Colonel
Employer: Texas Transportation Service
Address: Unknown
Individual and Official Capacity

Defendant No. 35

Name: Unknown Officers
Job/Title: Officer
Employer: Bayamón, Puerto Rico, Jailhouse
Address: Unknown
Individual and Official Capacity

Defendant No. 36

Name: Officer Rivera
Job/Title: Officer
Employer: Bayamón, Puerto Rico, Jailhouse
Address: Unknown

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim) *Complaint 6, 7, 4*

☑ State or local officials (a § 1983 claim) *Complaint 1,2,3,4,5,6,7,8.*

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*Complaint 1: illegal arrest, illegal detention, denied due process, pain and suffering; Complaint 2: denied medical, illegal arrest, illegal detention, cruel and unusal punishment, pain and suffering; Complaint 3: denied medical, cruel and unusal punishment; Complaint 4: denied medical, cruel and unusal punishment, pain and suffering; Complaint 5: illegal arrest, no due process nor equal protection, illegal detention, cruel and unusal punishment, pain and suffering*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

*Complaint 4: denied medical, cruel and unusal punishment, pain and suffering*
*Complaint 6: illegal arrest, illegal detention, denied medical, pain and suffering*
*Complaint 7: cruel and unusal punishment, violated 1st Amendment*

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

_____

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

IV.  **Statement of Claim**

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Complaint 1: Vicksburg / Warren  September 22, 2016; Complaint 7: Bayamon, Puerto Rico July 12, 2018

Complaint 3: Vicksburg Police Department, September 22, 2016

Complaint 6: San Juan, Puerto Rico, July 11, 2018

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Complaint 2: Warren County Detention Center  September 25, 26 2018

Complaint 4: Central Miss. Corr. Facility, August 17, 2018

Complaint 5: Central Miss. Corr. Facility, August 17, 2018

Complaint 8: Central Miss. Corr. Facility, September 2018;

C.  What date and approximate time did the events giving rise to your claim(s) occur?

Complaint 1: September 22, 2016; Complaint 2: September 25, 26 2018; Complaint 3: September 22, 2018

Complaint 4: August 17, 2018; Complaint 5: August 17, 2018; Complaint 6: July 11, 2018

Complaint 7: July 12, 2018; Complaint 8: September 2018

D.  What are the facts underlying your claim(s)?  *(For example:  What happened to you? Who did what?  Was anyone else involved?  Who else saw what happened?)*

See, Attachment Complaint 1, 2, 3, 4, 5, 6, 7, 8  (Exhibit D)

_____

_____

_____
_____
_____
_____
_____

**V.     Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Complaint 1: Illegal incarceration from September 22, 2016 to November, 2016
Complaint 2: Denied medicine, from September 26, 2016 to departing to go to CMCF
Complaint 3: Denied medical, September 22, 2016 11:50PM to Sept. 23, 2016 8:00 AM
Complaint 4: Denied medical, August 17, 2018 to August 20, 2018
Complaint 6: Denied medical, July 16, 2018          Denied Medical for
Complaint 7: Denied medical, July 26, 2018          Hypertension
Complaint 8: Received medical for stomach

**VI.    Relief** — Time properly computed; a copy of medical records from both Bayamon Rico, and MDOC; Unsupervise Parole Consideration
State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Complaint 1: 10 million, pain and suffering, and actual damages; Complaint 7: 10 million pain and
Complaint 2: 10 million, pain and suffering, and actual damages;     suffering and actual damages
Complaint 3: 10 million pain and suffering and actual damages;
Complaint 4: 10 million pain and suffering, and actual damages;   Complaint 8: 10 million pain and
Complaint 5: 10 million pain and suffering, and actual damages;   suffering and actual damages
Complaint 6: 10 million, pain and suffering, and actual damages;

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Complaint 2: Warren County Detention Center Center
Complaint 4: Central Miss. Corr. Facility
Complaint 5: Central Miss. Corr. Facility
Complaint 8: Central Miss. Corr. Facility; Complaint 7: Bayamon, Puerto Rico

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☑ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Complaint ~~[struck through]~~ 4 (Denied Medical, Cruel + Unusal Punishment)
Complaint 5 (Denied Due Process, Equal Protection of the law)
Complaint 8 (Cruel + Unusal Punishment, and Stomach/High blood pressure)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

~~Cross out text~~ Complaint1 : Filed to MDOC Complaint 2: Warren Co. Miss, Sheriff Martin Pace, and Warren Co Miss. Board of Supervisor; Complaint 3: Alderman, Mayor, Grievance Dept.

2.   What did you claim in your grievance?

~~Cross out text~~ Complaint 1: Parole Officer ~~Cross out text~~ Vincent Samuel denied medical during Sept 22 2016 arrest; Notice to sue Confidental Informer Probationer Don Irons; Complaint 2: Ask did they have grievance procedure/Notice of Intent; Complaint 3: Notice of Intent/Denied Medical

3.   What was the result, if any? ~~Cross out text~~ Complaint 1: Look at ~~Cross out text~~ attached Exhibit A. Complaint 2: Look at attached Exhibit B; Complaint 3: Look at attached Exhibit C.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

Never Filed at another Facility!

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

*Complaint 4: Partially of the complaint was about a transport business*
*Complaint 5: MDOC Rejected claim "don't handle parole matters"*
*Complaint 6: Happen in Puerto Rico, and I don't read or speak Spanish*

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*Complaint 1: VPD Jeff Merritt, Chief Armstrong, and other officers, all stated I was going to jail instead of the hospital.*
*Complaint 2: Sheriff Martin Pace, Jail Administrator, Nurse, Jailers*
*Complaint 6: US Border and Protection Agency (John Doe); US Marshall (John Doe*
*Bayamon Puerto Rico Jailor (John Doe); Complaint 7: John Doe*

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*I attempt to file administrative remedies, and to see did they have a grievance system:*

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_U.S. District Court of the Southern District_

_____

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑   Yes

☐   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _Khristoffer Hearron_

Defendant(s)   _MDOC_

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_U.S. District Court_

3.   Docket or index number

_Unknown_

4.   Name of Judge assigned to your case

_Unknown_

5.   Approximate date of filing lawsuit

_Unknown_

6.   Is the case still pending?

☐   Yes

☑   No

If no, give the approximate date of disposition.   _Unknown_

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____Dismissed_____

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑   Yes

☐   No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _Khristoffer Hearron_____

Defendant(s)   _MDOC_____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____U.S. District Court_____

_____

3.   Docket or index number

_____Unknown_____

4.   Name of Judge assigned to your case

_____Unknown_____

5.   Approximate date of filing lawsuit

_____Unknow_____

6.   Is the case still pending?

☐   Yes

☑   No

If no, give the approximate date of disposition. _Dismissed_____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____Dismissed_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _January_, 20_19_

Signature of Plaintiff       _Khristoffer Mandell Hearron_
Printed Name of Plaintiff   _Khristoffer Mandell Hearron_
Prison Identification #       _75793_
Prison Address               _P.O. Box 1419_
                                  _Leakesville, MS._          _39769_
                           City              State          Zip Code

### B.    For Attorneys

Date of signing: _____, 20__.

Signature of Attorney       _Unknown_
Printed Name of Attorney    _____
Bar Number                   _____
Name of Law Firm             _____

Address _____ _Unknown_ _____

Telephone Number _____

E-mail Address _____

. On or about September 22, 2016 plaintiff Khristoffer Mandell Hearron AKA Kristopher Hearron was arrested for 2 sale of a Controlled Substance to a Confidental Informer (CI) Don Irons who was on probation with the Mississippi Department of Corrections (MDOC) where the Vicksburg Police Department (VPD), was in charge of the investigation and VPD Jeff Meritt, Chief VPD Armstrong and others were a part of the arrest of plaintiff September 22, 2016. Also, the Warren County District Attorney Ricky Smith further returned an indictment against plaintiff in this case in question. Where plaintiff remained incarcerated September 22, 2016 to the early part of November 2016 where the Mississippi Parole Board reinstated his parole after it was verified through VPD Sandra Williams that Don Irons was the CI used when she was on probation, which violate state law under MDOC, Standard Operating Procedure (SOP), 37-23 (Prohibit Probationer's and Parolee's from being used as CI's. The injury plaintiff suffer was incarceration illegal from the day of arrest September 22, 2016 to the early part of November, 2016, and plaintiff was denied adequate medical attention from the VPD and from the Warren County Detention Center, and he paid Attorney, Clyde Ellis $ 3,500 to represent him on these charges. And, plaintiff suffer from high blood pressure, COPD, and Attention Deficit Hyperactivity Disorder (ADHD).

And, the City of Vicksburg, Mayor, and Aldermen hired the Chief of VPD, and the Warren County Board of Supervisors are in charge of the county affairs in Warren County, and in charge of the wrong duty of the District Attorney Ricky Smith of Warren County, Mississippi, And, MDOC Parole Officers failed comply with the Miss. Parole Board by placing petitioner on a GPS system for 6 months.

Defendants:

Confidental Informer Don Irons
VPD Jeff Meritt
VPD Chief Armstrong
VPD Other arresting officers (John Doe's)
Warren County District Attorney Ricky Smith
City of Vicksburg, Mayor George Flaggs
City of Vicksburg, Aldermen (
Warren County Board of Supervisors (John, Doe's)

On or about September 25 2016, and/or September 26, 2016 plaintiff Khristoffer Mandell Hearron was transferred from the River Regional Hospital in Vicksburg Mississippi to the Warren County Detention Center (WCDC), because Mississippi Department of Correction (MDOC) had a hold on him for the allege 2 sale of a Controlled Substance to a CI who was on probation at the time of these allege sales. And, Vincent Samuel was the MDOC parole officer that placed a hold on plaintiff, where his supervisor Barbara Clark approved him to put this hold on the plaintiff. Plaintiff would like to show that he was given a prescription for high blood pressure. And plaintiff requested that he be given his medication from the Warren County Sheriff Martin Pace, Jail Administrator Miss Linda, and the Jail Nurse, and Jailors (John Does) for the next following days before going to Central Mississippi Correctional Facility (CMCF), where after meeting the Mississippi Department of Correction (MDOC) Parole Board, plaintiff's parole was reinstated, but either employee at the Warren County Detention Center gave plaintiff his medicine. All employee stated that they would check on it, but plaintiff never received his medicine, and he repeatly request to see a doctor because his head was hurting bad, his left side of his body was always numb, and he fainted a few days in a roll, and chest pains.

Defendants

MDOC Vincent Samuel
MDOC Barbara Clark
WARREN COUNTY SHERIFF Martin Pace
WARREN CO. WARREN DETENTION CENTER, ADMINISTRATOR Miss. Linda
WARREN CO. WARREN DETENTION CENTER, NURSE
WARREN CO. DETENTION CENTER, JAILORS

Complaint 3

On, or about January 6, 1996 plaintiff Khristoffer Mandell Hearron (AKA Kristopher Hearron) was sentenced for the conviction of possession of cocaine with intent and received 30 years under MCA statute 99-19-81 in the Circuit Court of Warren County, Mississippi, and plaintiff was paroled after serving 21 years, on October 19, 2015, and plaintiff suffer from high blood pressure, COPD, and Attention Deficit Hyperactivity Disorder (ADHD).

And, on or about September 22, 2016 plaintiff was arrested for 2 sales of a Controlled Substance, where it was allege, he sold these drugs to a Confidental Informer named Don Irons whom was on probation at the time of the allege sale. The arresting officers were Detective Jeff Meritt, and Chief Armstrong, and others of the Vicksburg Police Department in Vicksburg Mississippi (VPD), Mississippi Department of Corrections (MDOC) Vincent Samuel

Plaintiff would like to show that he complained to Detective Jeff Meritt (Meritt), and Chief Armstrong (Armstrong) that he needed medical attention for his high blood pressure, but Meritt, Armstrong and other officers denied the request several times during the arrest, and all of these VPD officers said, "You are going to jail." Once plaintiff arrived at the VPD at around 12:05 AM. September 22, 2016 he request medical help from the booking officer (John Doe), he stated that plaintiff going to go to a cell, because it was not anything wrong with him. Also plaintiff request medical help from the transporting VPD officer (John Doe), he also stated that plaintiff was going to go to a cell only, and Vincent Samuel stated that plaintiff was going to jail not to a doctor. But, plaintiff told all arresting officer his chest was hurting,

At around 8:00 AM. plaintiff kicked the Holding Cell door repeatly screaming for help because by this time his left side of his body was numb, head hurting, and he was short of breath. Plaintiff was seen by a medical personel, and he was rushed to the River Regional Hospital in Vicksburg Mississippi for having a very high blood pressure 200/100 odd number, where he was hospitalized for 3 days, in ICU.

Defendants:

| | |
|---|---|
| VPD | Jeff Meritt |
| VPD | Chief Armstrong |
| VPD | Booking Officer (John Doe) |
| VPD | Transportation Officer (John Doe) |
| VPD | Other Officers (John Doe) |
| MDOC | Vincent Samuel |

Plaintiff was extradited from Bayamon,

Transportation Service, to Central Mississippi Correctional Facility (CMCF), and Plaintiff request that he receive medical attention because he had a shortness of breath, and his head was hurting, and his left side of his body was hurting, while being dressed out at the jail in Bayamon Puerto Rico the jail Booking Officers stated that they did not have the time to take plaintiff to medical because they had something else to do.

Then plaintiff was left in a Holding Cell, for over a hour or so, then he was transferred to the custody of Officer Tyler of Texas Transportation Service, and plaintiff request medical attention from Officer Tyler, and explained to him that plaintiff head was hurting, along with the left side of his body was hurting, chest pains. Officer Tyler stated that "he did not have the time for no medical stop because he had to get on a airplane before 1:00P.M. And plaintiff suffered in pain with shortness of breath, headache, left side of his body hurting, chest pains throughout his flight from San Juan, Puerto Rico, to Evers Jackson Airport in Jackson Mississippi (and we had a layover in Atlanta, GA.), August 17, 2018 (Friday).

After arriving in Jackson, MS. plaintiff was taken to the clinic at Central Mississippi Correctional Facility (CMCF), and plaintiff's blood pressure was 146/86, and plaintiff requested for his medicine that Officer Tyler possessed and failed to issue plaintiff any medicine, but he gave CMCF medical staff the medicine. Plaintiff requested CMCF medical staff give him medical attention, but they (nurses) stated that plaintiff had to wait to see the doctor Monday (August 20, 2018), along with other staff members (Lt Johnson, Warden Philhot, Lt Davis, Sgt. Hollis, Officer Richardson, Officer Jennerings, and Officer Billy Smith.

Plaintiff requested help from Lt. Johnson, Warden Philhot, Lt. Davis, Sgt. Hollis, Officer Robenson Richardson, Officer Jennings, and Officer Billy Smith to get transferred from cell # 518, Section 3, R/C to another cell that face bowl worked, because from August 17, 2018 to around September 22, 2018 plaintiff was in a cell without water to drink not able to take his medicine, all the above staff stated that, they were overcrowded. Also, Nurse Tyner, Taylor, Gibson was made aware of the fact that plaintiff was not able to take his medication because his cell did not have drinking water, and after requesting that each nurse bring water when they past out medication, each nurse stated no or that they only past out medication and not water, 1

Defendants:

CMCF MDOC Incoming Nurse
CMCF MDOC Nurse Tyner
CMCF MDOC Nurse Tyner Taylor
CMCF MDOC Nurse Gibson
CMCF MDOC Lt. Johnson
CMCF MDOC Warden Philhot
CMCF MDOC Lt. Davis
CMCF MDOC Sgt. Hollis
CMCF MDOC Officer Robenson Richardson (black female)
CMCF MDOC Officer Jennings
CMCF MDOC Officer Billy Smith

Texas Transportation Service Officer Tyler
Bayamón, Puerto Rico, Dept. of Reh. – Booking officer
Bayamón, Puerto Rico, Dept. of Reh – Booking Officer

Complaint 5

On or about January 6, 1996 plaintiff was convicted and sentenced to 30 years mandatory under MCA statute 99-19-81 for possession of cocaine with intent and plaintiff was paroled under the Mississippi House Bill 585 October 19, 2015.

And, on or about September 22, 2016 plaintiff was arrested for 2 sale of a Controlled Substance to a Confidental Informer (CI) Don Irons who was on probation with the Mississippi Department of Corrections (MDOC) where the Vicksburg Police Department (VPD), was over this case in question along with the help of the Warren County Sheriff Department,

However, the Mississippi Parole Board reinstated plaintiff parole Oct. 2016 after it was verified through VPD Sanda Williams, Chief of Detective that the Vicksburg Police Department were illegally being allowed to operate a scheme using probationers and parolees as CI's, and this practice knowingly was abuse of power to break the law by law enforcers in power such as VPD Jeff Merritt, Chief Armstrong, and Warren County Sheriff Martin Pace and among others officials involved. Where plaintiff was forced to hire attorney Clyde Ellis for $3500 to represent him on these 2 offenses.

Thereafter, petitioner was indicted on these exact same 2 sale of a Controlled Substance in the Circuit Court of Warren County, Mississippi, which caused MDOC Parole Officer Vincent Samuel with his supervisor approval Barbara Clark issued a Warrant for plaintiffs arrest in January, 2018, because Warren County Circuit Court issued a Capias Warrant, plaintiff was being further subject to injury by these same illegal sale charges where plaintiff parole was in jeopardy again.

Although, Vincent Samuel and Barbara Clark ignored the Mississippi Parole Board Order in Oct. 2016, to put plaintiff on a GPS monitor for 6 months. Thereafter, July 9, 2018 a MDOC Warrant was issued and this time the violations for parole were several issues, unknown to plaintiff because, plaintiff was detained in Puerto Rico (San Juan) by the U.S. Customs and Border Protection Agency July 11, 2018 for parole violation allegedly. Plaintiff was extradited back to Mississippi (Central Mississippi Correction Facility) CMCF, where MDOC records are silent when it comes to plaintiff receiving due process, equal protection of the law according to MCA statute 47-7-27 (4)(5)(6)(b) (No preliminary initial 72 hour hearing to determine whether there is reasonable cause to believe the person violated a condition of parole. And, if the Mississippi Board of Parole don't hold a hearing or don't take action on the violation within 21 days time frame, parolee shall be released from detention and shall return to parole status).

And, plaintiff time computation is wrong, where plaintiff would like to show that he only have less than 12 months left on this 30 years sentence including 15% of 30 years (4 years and 138 days) and Earn Discharge Credit.

Defendants: Vincent Samuel, MDOC Parole Officer
Barbara Clark, MDOC Parole Officers
Marshall Fisher, MDOC Commissioner
Jane Doe, MDOC Commissioner of Community

Complaint 6

In July, 2018 plaintiff Khristoffer Mandell Hearron was approved by Vincent Samuel, with the approval of his supervisor Barbara Clark of the Mississippi Department of Corrections (MDOC), allowed plaintiff to go on a family cruise, but later, on July 9, 2018 filed (Samuel), a Warrant and request that the United States Customs and Border Protection Agency in San Juan, Puerto Rico detain plaintiff. And, plaintiff does not speak Spanish. And both MDOC employees refused to administer petitioner due process and equal protection (47-7-27 MCA statues).

Plaintiff requested medical help from the United States Customs and Border Protection Agency (U.S. Customs) after they took possession of him at around 8:20 A.M. but this same U.S. Customs officer that initially detained him stated that he had to finish doing his paper to hand plaintiff over to the other U.S. Barbara Marshalls officers that would transport him to court. Plaintiff repeated his request to be seen by a medical physician because his head was hurting, and his left side of his body was feeling numb, and he was short of breath, with chest pains. He spoke in English and said that plaintiff had to tell the next officers who would transport him to court, and the other officer with the initial officer agreed. And, plaintiff suffered from high blood pressure, COPD, Attention Deficit Hyperactivity Disorder (ADHD).

Thereafter, around 9:00 A.M. plaintiff was transferred to United States Marshals (Marshals), and plaintiff explained that he need medical attention because his head, chest and lower back was hurting along with the left side of his body was feeling numb, 2 US Marshals stated in English that they did not have time to do nothing else but to get plaintiff in front of the judge. And, plaintiff was told by the same 2 US Marshals that he does not need to take too long at the hearing in front of the judge so they could drop him off at the jail, and plaintiff suffered the abovementioned pain for the next few hours, until he was dropped off at Centro De Ingreso Bayamón 705 in Bayamón, Puerto Rico, and after plaintiff was arrived he had to wait over 6 hours, but once his blood pressure was checked, it was was very high. The Booking Officers denied plaintiff request to see the doctor about chest pains, head aches for the first 7 hours at the jail.

Defendants:

MDOC  Vincent Samuel
MDOC  Barbara Clark
US Customs and Border Protection Agency, 2 officers (John Doe's)
US Marshals, 2 officers (John Doe's)
Bayamon 705 Booking Officers (John Doe's)

Complaint 7

On, July 12, 2018 plaintiff was admitted into Centro De Ingreso Bayamón 705 hospital because his blood pressure was high. And, during this time in the hospital plaintiff request that he get access to the courts from Doctor Jefferson Perez Maldonald, Case Manager, and a Nurse, and officers, also plaintiff requested for pen/pencil, sheets, blanket, changing clothes, toothpaste, toothbrush, soap, deodorant and writing paper, envelope, and stamps. And, all the abovementioned employees stated that they was not allowed to give plaintiff none of the above, from July 12, 2018 through July 26, 2018 (Puerto Rico Dept. of Rehabilitation)

On, or about July 26, 2018 plaintiff signed a refusal for hospital medical housing because he was being denied access to the court along with the abovementioned Constitutional Rights at the hospital section. Then, plaintiff left the hospital around 9:00AM., and he was transported by van to the actual Bayamón jail 705 (Detention Center), to the Receiving Section where he remained there from 9:30AM. to around 8:00PM., because he was requesting from the Booking Officers his daily regiment of medicine, the Booking officer stated that they would check with the clinic officer to see whether plaintiff could see the doctor or nurse. They later return with Officer Rivera, who stated "No he is going to remain in this Holding Cell, so he can be assigned a bed, he can see a doctor or nurse tomorrow." But, plaintiff further explained to these officers that his head was hurting, and he had chest pains real bad. As punishment the officer left him in the Holding Cell for additional hours. Then they assigned plaintiff to a cell, with a piece of foam mattress, and that's all, no pen/pencil, sheets, paper, tissue, soap, socks, shower shoes, towels, toothpaste, toothbrush, deodorant, or changing clothes. And, plaintiff requested from the Booking officers and Officer Rivera the abovementioned, they stated welcome to Puerto Rico. And, plaintiff further requested a greivance form, or any other way to have access to the legal court system, they stated its no such rights in Puerto Rico. Plaintiff remained in these conditions until he left the prison/jail in Bayamon, Puerto Rico, August 17, 2018.

Defendants:

Bayamon Puerto Rico, Dept of Rehabilitation - Dr. Jefferson P. Maldonald
Bayamon Puerto Rico, Dept of Rehabilitation - Case Manager (Jane Doe)
Bayamon Puerto Rico, Dept of Rehabilitation - Nurse (Jane Doe)
Bayamon Puerto Rico, Dept of Rehabilitation - Officers (John Doe)
Bayamon Puerto Rico, Dept of Rehabilitation - Booking Officers (John Doe)
Bayamon Puerto Rico, Dept of Rehabilitation - Officer Rivera

On or about in September of 2018 I was transferred to F Building at Central Mississippi Correctional Facility (CMCF), and I was expose to Mold on the walls throughout the housing zone (and no attempt to clean the zone up with cleaning material). And, the cold food trays received drippings of Mold from the sweating ceiling onto the food inside of the trays because the cart with the trays would always be uncovered, nothing to prevent the wet dripping from the Molded ceiling from dropping onto the trays. I have went to the Clinic several time about being sick with a situation with my stomach causing pain, and I was given Tums and I was given something for a increase high blood pressure, because of these cold food trays. And, I have repertly requested another inhaler because of the trouble I'm having to breath properly, but I have been denied my requested inhaler when I run out of medicine. The Mold at CMCF (F-Building), and because of the Mold on all of the walls here at my current housing unit is increasing high risk, stopping me from breathing properly. And, I have been given more Tums for these cold lunch breakfast, and dinner trays here at SMCI, because they are illegally practicing the same way CMCF do the food trays (CMCF). And, I have complained to Warden Philhot, Lt. Davis, Lt Morgan at F-Building. And, I have complained to Lt. Williams here at SMCI, he said it was like that because they were short of staff.

Defendant:

MDOC Lt Davis
MDOC Warden Philhot
MDOC Lt. Morgan
MDOC Lt. Williams

They say nothing they can do.