IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KHRISTOFFER MANDELL HEARRON                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:19cv31-DPJ-FKB

DON IRONS, ET AL.                                                                DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's Motion for a Temporary Restraining Order [49]. Having considered the motion, the undersigned recommends that it be denied as moot.

In this action filed pursuant to 42 U.S.C. § 1983, Hearron is proceeding *pro se*, but he has paid the filing fee. *See* [17]. Hearron names over 40 defendants and seeks monetary damages for instances of illegal arrest, wrongful incarceration, denial of medical attention, and conditions of confinement which allegedly occurred between 2016 and 2018. [1] at 17-24. He also challenges his sentence computation. *Id.* at 21. At the time Plaintiff filed this action, he was an inmate incarcerated with the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution ("SMCI"), located in Leakesville, Mississippi. [1] at 1-2, 7. Since that time, Hearron filed a change of address [52], which appears to be a "free world" address.

In his Motion for Temporary Restraining Order, Hearron argues that it is inconvenient for him to access the Inmate Legal Assistance Program ("ILAP") claim receptacles or "dropboxes" at SMCI because they are inconveniently located for him. Considering that Plaintiff is now "free world," his request for relocation of dropboxes for easier accessibility to the ILAP is moot. Accordingly, the undersigned recommends that this Motion [49] be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-1429 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of November, 2021.

/s/ F. Keith Ball          .
UNITED STATES MAGISTRATE JUDGE